evidence of such fact. The case of *Sherwood* v. *State*, 117 O. S., 307 (Ohio Law Bulletin and Reporter, Feb. 13, 1928), settles the question as to whether this section is constitutional. The defendants below contend that no proof of signature of the secretary was offered. Since the statute provides for the seal of the secretary to be attached, this would be sufficient proof of the authenticity of the document to make it *prima facie* proof of its contents.

The third error urged by counsel referred to the sentence of the court. The court imposed a fine of $25, and defendants to stand committed until fine and costs were paid or secured to be paid. The sentence omitted the further part "or until he is otherwise legally discharged." This seems to have been omitted from the journal entry, which is the record of the court in that respect. Section 13717 provides that the court may impose such sentence.

The Supreme Court in a case reported in 78 O. S., 76, held that while such a sentence is not wholly void, is incomplete and erroneous, and where such sentence has not been executed, it will be reversed.

For the reasons stated the judgments and sentences in the three cases will be reversed at costs of defendants in error and cases remanded to Probate Court for jury trial and further proceedings according to law. Judgment against the state of Ohio for costs.

Common Pleas Court of Hamilton County.

MARY ROGERS v. INDUSTRIAL COMMISSION OF OHIO.

Decided July 12, 1928.

*William Thorndyke,* for plaintiff.

*Chas. P. Taft, 2d,* prosecuting attorney, and *Augustus Beall,* assistant proscuting attorney, for defendant.

STRUBLE, J.

This cause is before the court on demurrer to the petition on the ground that the petition does not state facts sufficient to constitute a cause of action.

The plaintiff was injured during the course of her service as a juror in the Court of Common Pleas, Hamilton county, Ohio. She made application to the Industrial Commission of Ohio to be compensated for her injuries under the Workmen's Compensation Law.

The Industrial Commission disallowed her claim on the ground that jurors are not employes of the county within the meaning of Paragraph 1, Section 1465-61 of the Industrial Commission Act. She has filed her petition on appeal from this action of the Industrial Commission, and to this petition the demurrer is filed.

The question as to whether or not jurors are entitled to the benefits of the Workmen's Compensation Act seems never to have been before the courts of this state, nor of any of the states having workmen's compensation laws.

Counsel and the court have been unable to find any decisions directly in point.

The conditions essential to entitle jurors to the benefits of the Workmen's Compensation Law are that they are employes within the meaning of the Act, and that so acting, they are engaged in the service of the county or the state "under appointment or contract of hire."

The term "employe" is construed by paragraph 1, Section 1465-61 to mean—

"Every person in the service of the state, or of any county, city, township, incorporated village or school district therein, including regular members of lawfully constituted police and fire departments of cities and villages,

under any appointment or contract of hire, express or implied, oral or written, except any official of the state, or of any county, city, township, incorporated village or school district therein, Provided that nothing in this act shall apply to policemen or firemen in cities where the injured policemen or firemen are eligible to participate in any policemen's or firemen's pension funds which are now or hereafter may be established and maintained by municipal authority under existing laws."

"Officials" are expressly exempted from the benefits of the act. The word "official" as used in this statute in its relation to counties and townships means the same as the word "officer" as used in Section 1, of Article 10, of the Constitution of Ohio, which is as follows:

"The General Assembly shall provide, by law, for the election of such county and township officers as may be necessary."

Ohio has adopted the elective system for its county and township "officials," and "officials" within the meaning of this act are persons filling elective positions, whether they hold title to such offices by force of an election or by appointment to fill a vacancy. This is the view of the Attorney General of Ohio. In his opinion of date January 15, 1920, Vol. 1, page 59, Opinions of Attorney General, he has this to say:

"Every person in the service of the county or township who is required to be elected as provided by law is an 'official' within the meaning of Section 1465-61 (108 O. L., 316) and every other person distinctly within the service of the county or township is an 'employe' within the meaning of said section."

Clearly, jurors are not to be classified as "officials" within the meaning of this Act.

Paragraph 1, of Section 1465-61, provides that "every person in the service of the state or of any county * * * under any appointment or contract of hire, express or implied, oral or written" is entitled to the benefits of the act.

The administration of the law is the exercise of a state function—is the exercise of the judicial power of the state, which, by the Constitution, is vested in the courts. Jur-

ors necessarily are engaged in a state service or function.

Plaintiff was serving as a juror in Hamilton county, having been employed and was being paid by Hamilton county; nevertheless she was serving the state, for "a county is not a corporation, but a mere political organization of certain of the territory within the state, particularly defined by geographical limits, for the more convenient administration of the laws and police powers of the state, and for the convenience of the inhabitants." (10 O. S., 520.)

It is necessary to inquire further whether this service was "under an appointment" or "contract of hire," as this is essential to entitle jurors to the benefits of this act.

Clearly, the service of a juror is not under "contract of hire," but we think it is equally clear that such service is "under an appointment."

Employes "under an appointment" constitute an entirely different class from that of employes "under contract of hire"; albeit there is mutuality of consent in employment "under appointment," as there necessarily is under employment by "contract of hire."

It is not easy to state the difference in meaning between the terms "under appointment" and "under contract of hire," but generally speaking, in service "under appointment" the duties, terms and conditions of such service are fixed by statutes, laws and rules, while in service "under contract of hire" the duties, terms and conditions of such service are fixed by contract.

Counsel for the demurrer has cited numerous decisions construing the term "contract of hire" as used in the Workmen's Compensation Law of this state and other states, but the court does not feel that these decisions have any particular bearing on a decision on the demurrer, because, in the judgment of the court, the service of a juror is "under appointment."

Clearly, mutuality of consent, as we understand it as an element of contract of hire, is not present in the employment of jurors. It is argued that jurors are selected, not appointed.

"Appointment" according to Webster, means "act of

appointing"; "the assigning to an office or trust"; "the state of being appointed"; "an engagement."

Jurors are selected from the mass of the citizenry and their names are placed in the jury wheel. Section 11423 prescribes the duties of the jury commissioners in the selection of the persons whose names are to be placed in the jury wheel, and provides specifically that no person shall be so selected who shall not in the judgment of said commissioners be competent in every respect to serve as jurors.

Section 11424 requires the names of the persons so selected to be written by the clerk on separate pieces of paper and placed in the wheel.

Section 11426 provides for the drawing of the names from the wheel by the clerk and the summoning of such persons for service as jurors. If such as are served with summons for jury service are not challenged for cause or peremptorily by the parties, or excused by the court, they are accepted and sworn as jurors.

While the statutory procedure for obtaining jurors is rather elaborate, yet when finally accepted and sworn as jurors, their service as such certainly is "under an appointment," considering that "appointment," according to Webster means "the assigning to an office or trust," "state of being appointed," "an engagement."

Counsel for the demurrer makes the further argument that a person serving as a juror is fulfilling an obligation which he owes to the state and that in such service he is performing a public duty, which every qualified person may be called upon by the state to perform.

This is all very true, but jury service certainly is not "involuntary" service.

Article 1, Section 6, Bill of Rights of the Ohio Constitution, provides as follows:

"There shall be no slavery in this state, nor involuntary servitude, unless for the punishment of crime."

Jury service must be held to be a voluntary service, notwithstanding it may be considered a duty and obligation of citizenship. The mere fact that a person can be forced

within certain limitations to accept jury service on the ground that it is a public duty certainly ought not to be considered as a basis for excluding him from the benefits of the Workmen's Compensation Law.

Lexicographers define "duty" as that which a person is bound by moral obligation to do, or refrain from doing; that which one ought to do; service morally obligatory.

Section 11443 provides:

"A person who serves as a grand or petit juror, or both, in the courts of this state for three weeks in a year, shall be exempt from further jury service during the rest of that year."

There is another section of the statute which permits the court to keep jurors for a term of three months, providing they are willing to stay in the service for that length of time. The very general practice in this county is to keep jurors regularly drawn from the wheel for a full term of court, and most of the jurors in this county are in the service for three months.

While service for three weeks might be by compulsion, it is not so for a longer period. Service after three weeks is always by consent.

Certainly it cannot be said that three weeks jurors are not, and that more than three weeks jurors are entitled to the benefits of the act.

We do not see how the question is influenced in the least by the fact that one serving as a juror is performing a public duty. Service after three weeks is just as much performance of a public duty as during the first three weeks.

The essential question is whether the service is "under an appointment."

The court concludes that persons engaged in jury service are employes of the county engaged in the service of the county under an appointment to said service within the meaning of the Workmen's Compensation Law, and entitled to the benefits of said law.

Wherefore, the demurrer to plaintiff's petition is overruled.